UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR ROSA,<br>    Plaintiff,<br><br>v.<br><br>MS. ALEXANDER, ET AL.,<br>    Defendants. | CIVIL CASE NO:<br>3:18CV1694(JCH)<br><br><br><br>FEBRUARY 1, 2019 |

**RULING RE: COMPLAINT AND PENDING MOTIONS**

The plaintiff, Victor Rosa ("Rosa"), is confined at Garner Correctional Institution. He has filed a civil rights complaint pro se pursuant to section 1983 of title 42 of the United States Code against New Britain Superior Court Judge Alexander ("Judge Alexander") and Public Defender Ashley Richards ("Attorney Richards")[1] as well as motions for default, for default judgment, and to proceed in forma pauperis. Judge Alexander has filed a Motion to Dismiss. For the reasons set forth below, Rosa's Motions will be denied, the Complaint will be dismissed with leave to amend, and Judge Alexander's Motion to Dismiss will be dismissed without prejudice as moot.

**I. PENDING MOTIONS**

In the "Motion of Response, of Relief by Defendant, Monetary Relief of (300,000), Of Objection" ("Motion for Default"), Rosa claims that he served both defendants with a summons. See Motion for Default (Doc. No. 14) at 1. Rosa seeks entry of default against the defendants for failure to respond to the Complaint.

---

[1] The court observes that Rosa did not list Attorney Richards as a defendant in the caption on the first page of the Complaint. The fact that Rosa included Attorney Richards as a defendant in his description of parties on page two of the Complaint makes it clear that his failure to list Attorney Richards as a defendant in the caption of the Complaint was inadvertent. Accordingly, the court will consider the claims against Attorney Richards.

1

Judge Alexander signed a Waiver of Service of Summons form on December 6, 2018, and filed an appearance and a Motion to Dismiss on January 2, 2019. See (Doc. Nos. 19–21). The docket reflects no evidence that Attorney Richards was served with a copy of the Complaint. Thus, neither Attorney Richards, nor Judge Alexander, is in default for failure to appear or plead. Accordingly, the Motion for Default is denied.

In the second motion, Rosa requests the entry of a default judgment against the defendants in the amount of $300,000 for failure to respond to the Complaint. See Motion Default Judgment (Doc. No. 16) at 1. Because neither Judge Alexander, nor Attorney Richards, is in default for failure to plead, the Motion for Default Judgment is denied.

In the third motion, Rosa seeks leave to proceed in forma pauperis. See Mot. Proceed IFP (Doc. No. 17). Because the court has already granted Rosa leave to proceed in forma pauperis, see Order (Doc. No. 15), the Motion is denied as moot.

## II. COMPLAINT

Rosa alleges that on June 2, 2018, New Britain police officers stopped and searched him without a search warrant and arrested him multiple charges based on a complaint that he had threatened an individual with a gun. See Complaint (Doc. No. 1) at 6. He contends that Judge Alexander and Attorney Richards violated his Eighth Amendment rights in connection with his plea of guilty to the charge or charges for which he was arrested. Id. at 4.

### A. Standard of Review

Pursuant to section 1915A(b) of title 28 of the United States Code, the court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which

2

relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915(A)(b). This standard of review "appl[ies] to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid [a] filing fee." Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004) (internal quotation marks and citation omitted).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a pro se complaint liberally," the complaint must still include sufficient factual allegations to meet the standard of facial plausibility. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

B. Allegations

Rosa alleges that on June 2, 2018, he was outside talking to a friend when another individual interrupted his conversation. See Compl. at 6. As soon as Rosa walked away from his friend and the other individual, New Britain police officers stopped

3

and searched Rosa and then arrested him on multiple criminal charges. See id. at 3, 6. Rosa's arrest was based on a complaint made by an unidentified individual to the New Britain Police Department regarding a threat made by Rosa using a gun. See id. at 3.

On August 24, 2018, Rosa met with Attorney Ashley Richards at the New Britain Superior Court in connection with a hearing to address the criminal charges that had been filed against him. See id. at 3. Rosa and Attorney Richards discussed the fact that there were no witness statements to support the criminal charges that had been filed against him by the prosecutor and that the police officers lacked probable cause to arrest him. See id. at 3–4. Attorney Richards informed Rosa that the victim's identity had not been disclosed to her and the victim wished to remain anonymous. See id. Rosa claims that he was "coerced" to plea out to the Indictment and that Attorney Richards was aware of the "vague" plea deal that the prosecutor offered Rosa. See id.

The State of Connecticut's Judicial Branch website reflects that on June 2, 2018, New Britain police officers arrested Rosa. See State v. Rosa, Case No. H15N-CR18-0292568-S (Conn. Super. Ct. Aug. 24, 2018).[2] On August 24, 2018, Rosa pleaded guilty to one count of threatening in the first degree in violation of Conn. Gen. Stat. § 53a-61aa, and a judge sentenced Rosa to five years of imprisonment, execution suspended after two years, followed by three years of probation. Id.

---

[2] Information regarding Rosa's criminal case, conviction and sentence may be found on the State of Connecticut's Judicial Branch website at: http://www.jud.ct.gov/jud2.htm under Superior Court Case Look-up; Criminal/Motor Vehicle; Convictions – Search by Docket Number – using the following docket number: H15N-CR18-0292568-S (last visited February 1, 2019).

4

C. <u>Discussion</u>

Rosa sues Judge Alexander and Attorney Richards for their involvement in his decision to plead guilty to the charge or charges for which he was arrested on June 2, 2018. <u>See</u> Compl. at 4, 6. For relief, he seeks $300,000. <u>See</u> <u>id.</u> at 5.

    1. Judge Alexander

Judges are immune from suit, not just from the ultimate assessment of damages. <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991). This absolute immunity applies so long as (1) the relevant action is judicial in nature and (2) was not taken in the complete absence of jurisdiction. <u>Huminski v. Corsones</u>, 396 F.3d 53, 75 (2d Cir. 2005). Allegations that a judge acted in bad faith, erroneously, maliciously, or "in excess of his authority" do not overcome judicial immunity. <u>Mireles</u>, 502 U.S. at 11, 13.

Rosa alleges that his arrest on June 2, 2018, for threatening another individual with a gun, was frivolous. He claims that he was coerced into pleading guilty to the threatening charge. Rosa names Judge Alexander as a defendant in the caption on the first page of the Complaint and includes her in his description of defendants on the second page of the Complaint. He does not otherwise refer to or mention Judge Alexander in the body of the Complaint. As such, he has not alleged that Judge Alexander violated his federally or constitutionally protected rights. Accordingly, the Complaint is dismissed as to Judge Alexander for failure to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A(b)(1).

Even if the court were to construe the allegations in the Complaint as suggesting that Judge Alexander violated Rosa's rights by presiding over Rosa's state criminal case and accepting his plea of guilty, judicial immunity would bar such allegations

5

against Judge Alexander in her individual capacity.[3] Determining whether a defendant has voluntarily accepted a plea deal constitutes an act within the jurisdiction and judicial function of a state court judge. See Marczeski v. Handy, 213 F. Supp. 2d 135, 140 (D. Conn. 2002) (concluding judge was entitled to absolute immunity for claims which related predominantly to acceptance of plaintiff's plea bargain; accepting plea was within the "general function, normally performed by a judge . . . and clearly within her jurisdiction. . . ."); Zieran v. Town of New Castle, No. 84 CIV. 7786 (LLS), 1985 WL 3963, at *1–*2 (S.D.N.Y. Nov. 22, 1985) ("Judge Lenihan was clearly acting within his judicial jurisdiction when he accepted plaintiff's guilty plea . . . . Acting, rightly or wrongly, within his jurisdiction, Judge Lenihan is immune from liability for damages under § 1983, and the claim against him is dismissed."). There are no allegations that Judge Alexander engaged in actions that were not judicial in nature or that were taken in the absence of all jurisdiction. Thus, Judge Alexander would be entitled to absolute immunity from suit for any actions she took in presiding over Rosa's criminal case and accepting his guilty plea.

  2. Attorney Richards

Rosa asserts that he met with Attorney Richards on August 24, 2018, at the New Britain Superior Courthouse, to prepare for a hearing to be held in his criminal case. Compl. at 3. During the meeting, Rosa and Attorney Richards discussed the weakness

---

[3] To the extent that the allegations could be construed as having been asserted against Judge Alexander in her official capacity, the Eleventh Amendment would bar those allegations. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) (holding that Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); Quern v. Jordan, 440 U.S. 332, 342 (1979) (holding that Section 1983 does not override a state's Eleventh Amendment immunity).

6

of the evidence against him and the fact that the criminal charge was frivolous.  Id. at 3–4.  Rosa asserts that Attorney Richards was aware of the plea deal offered by the prosecutor and the fact that the plea deal was "vague."  Id.

Section 1983 creates a private federal cause of action against any person, acting under color or state law, who deprives an individual of federally or constitutionally protected rights.  See Rehberg v. Paulk, 566 U.S. 356, 361 (2012).  To state a claim for relief under section 1983, a plaintiff must allege that: (1) he or she was "deprived of a right secured by the Constitution or laws of the United States," and (2) the "deprivation was committed under color of state law."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).  To meet the color of state law requirement, which is analyzed under the same framework as the state action requirement of the Fourteenth Amendment, a plaintiff must establish both that his or her "alleged constitutional 'deprivation [was] caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'"  Id. at 50 (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) (emphasis in original)).

Generally, a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); Harrison v. New York, 95 F. Supp. 3d 293, 328-29 (E.D.N.Y. 2015) (public defenders and court-appointed counsel do not act under color of state merely by virtue of their position) (collecting cases).  A public defender who conspires with a state official to deprive a criminal defendant of

his constitutional rights, however, may be deemed to be acting under color of state law. See Tower v. Glover, 467 U.S. 914, 920–22 (1984).

The conduct of Attorney Richards as described in the Complaint—meeting with and discussing the evidence with Rosa in advance of a pretrial hearing—falls within the "traditional function" of a public defender as counsel to Rosa in connection with his state criminal case. See Hicks v. Lantz, No. 3:08-CV-1012(MRK), 2009 WL 2869753, at *3 (D. Conn. Sept. 1, 2009) ("Representing a client during plea negotiations and at sentencing are part of the traditional functions of counsel to a criminal defendant."). There are no allegations that Attorney Richards conspired with any state officials in connection with her representation of Rosa. Rosa has not asserted that Attorney Richards acted outside the scope of her responsibilities as a public defender in representing him during his criminal case. Rosa's section 1983 claim against Attorney Richards is dismissed because, as a matter of law, Attorney Richards was not acting under color of state law. See 28 U.S.C. § 1915A(b)(1).

3. Unlawful Search and Arrest

In a statement attached to the Complaint, Rosa asserts that New Britain police officers searched him without a warrant and unlawfully arrested him for conduct that could not be proven in court or for conduct that was insufficient to sustain a conviction. See Compl. at 6. Rosa does not identify or name the police officers who searched and arrested him as defendants. Thus, the court does not construe the Complaint as raising a false arrest claim or an unreasonable search claim against New Britain police officers. Furthermore, such claims are separate from and unrelated to the claims pertaining to his criminal prosecution which are asserted against the named defendants. See, e.g., Tyson v. Alvarez, No. 3:17-CV-731 (JCH), 2018 WL 4323815, at *3 (D. Conn. Sept. 10,

8

2018) (denying leave to amend complaint to add unrelated claims against new defendants, because amendment would not comply with the requirements of Rule 20(a)(2) of the Federal Rules of Civil Procedure"). Thus, if Rosa seeks to pursue claims for false arrest and an unreasonable search against the police officers who arrested him on June 2, 2018, he may do so in a separate action.

## III. MOTION TO DISMISS (DOC. NO. 21)

Judge Alexander moves to dismiss the Complaint on multiple grounds. See Motion to Dismiss (Doc. No. 21). Because the court has dismissed the Complaint sua sponte for failure to state a claim upon which relief may be granted, the Motion to Dismiss is denied, without prejudice, as moot. If Rosa files an amended complaint, Judge Alexander may renew her Motion to Dismiss.

## ORDERS

The court enters the following orders:

**(1)** The claims against Judge Alexander and Attorney Richards are **DISMISSED** for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1). The Motion for Default (Doc. No. 14), the Motion for Default Judgment (Doc. No. 16), and Motion for Leave to Proceed In Forma Pauperis (Doc. No. 17) are **DENIED**. Judge Alexander's Motion to Dismiss (Doc. No. 21) is **DENIED** without prejudice as moot. If Rosa files an amended complaint, Judge Alexander may renew her motion to dismiss.

**(2)** The Clerk is directed to enter judgment for the defendants and close this case. Any appeal from this Ruling dismissing the Complaint would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

**(3)** Because Rosa proceeds pro se in this action and included no factual allegations against Judge Alexander in the Complaint, the court will permit him twenty (20) days to move to reopen the action and to file an amended complaint against Judge Alexander, provided that he can plausibly allege the actions taken by Judge Alexander and explain how those actions violated his constitutional rights. In deciding whether to file an amended complaint, Rosa should keep in mind that a judge is entitled to judicial immunity for actions performed in her judicial capacity. The court also grants Rosa leave to amend his Complaint as to Attorney Richards, provided that he can plausibly allege that Attorney Richards acted under color of state law.

**SO ORDERED.**

Dated at New Haven, Connecticut this 1st day of February 2019.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge